FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 30 2004
JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | |
|---|---|
| RICKY ANTHONY WHITTAKER<br>ADC #108218,<br><br>    Plaintiff<br><br>vs.<br><br>LARRY NORRIS, Director of the<br>Arkansas Department of Correction;<br>RAY HOBBS, Assistant Director;<br>LARRY MAY, Deputy Director; JOHN<br>MAPLES, Warden of the Scott Grimes<br>Unit; DANNY BURL, Assistant Warden<br>of the Scott Grimes Unit; "JOHN DOE"<br>NOLAN, Major in rank at the Scott<br>Grimes Unit,<br><br>    Defendants | Case No. 5:04CV00206 GH/JFF |

## PARTIAL RECOMMENDED DISPOSITION

Pending before the Court is the motion filed by Plaintiff requesting preliminary injunctive relief (docket entry #11). In the motion, Plaintiff states that he did not receive a copy of the Defendants' Answer, and he is uncertain if a copy was not mailed to him or if the prison did not give him his mail. Plaintiff requests that the Court Clerk be directed to send him a copy of Defendants' Answer and that prison officials be ordered not to delay the delivery of his mail or destroy it. The Defendants have filed a response (docket entry #12) stating that defense counsel mailed the Plaintiff another copy of the Defendants' Answer after receiving the Motion for a Preliminary Injunction. Defendants also argue that Plaintiff's motion does not meet the elements required for a court to issue injunctive relief.

The purpose of a preliminary injunction is to preserve the status quo and to prevent



irreparable harm until a court has the opportunity to rule on the merits of a lawsuit. For this reason, a preliminary injunction is appropriate to grant intermediate relief "of the same character of that which may be granted finally," but inappropriate for dealing with matters "lying wholly outside issues in the suit." *De Beers Consolidated Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945).

The Eighth Circuit has held that, in order to obtain a preliminary injunction, a party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In *Devose*, a prisoner filed a § 1983 action claiming that prison officials denied him adequate medical treatment. *Id.* After initiating that action, the prisoner filed a motion for preliminary injunction asserting that, in retaliation for filing his lawsuit, prison officials filed false disciplinary charges against him and forced him to perform work duties beyond his physical abilities. *Id.* The Eighth Circuit affirmed the district court's decision to deny injunctive relief because the request was based on new assertions that were entirely different from the claim raised and the relief requested in the complaint. *Id.* Furthermore, the Court held that, while the plaintiff's new assertions might support a separate § 1983 action, they could not provide the basis for a preliminary injunction.

Plaintiff, an inmate incarcerated at the Varner Unit of the Arkansas Department of Correction, alleges that the Defendants failed to protect him from an attack by another inmate, thus violating his Eighth Amendment rights. As in *Devose*, Plaintiff's ground for seeking a preliminary injunction has no nexus to the underlying conduct giving rise to the claims asserted in his Complaint.

IT IS, THEREFORE, RECOMMENDED that Plaintiff's Motion for a Preliminary Injunction (docket entry #11) be DENIED.

DATED this 30th day of November, 2004

MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT